## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STAN YOUNG,

        Case No. 24-13386

    Plaintiff,               Hon. Jonathan J.C. Grey

v.

PUBLIC DEFENDERS OFFICE et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING COMPLAINT (ECF No. 2)

Pro se plaintiff Stan Young filed this case and an application to proceed without prepaying costs and fees on December 18, 2024. (ECF Nos. 1, 2.) In his complaint, Young brings claims against Defendants Public Defenders Office ("PDO") and Edward A. Hess alleging ineffective assistance of counsel in violation of the Sixth Amendment. (ECF No. 1.)

## I.    Factual Background

Young claims Hess' performance, presumably as Young's public defender, "fell below an objective standard of reasonableness under prevailing professional norms." (ECF No. 1, PageID.4.) Specifically, on or around September 25, 2024, Young claims Hess led him to believe that

"the plea agreement would have gotten [him] a sentence within [Young's] guidelines." (*Id.*) Additionally, Young claims the "terms of [his] plea agreement [were] not met." (*Id.*) In his affidavit supporting his application to proceed without prepaying fees and costs, Young specifies the following details regarding his ineffective assistance of counsel claim: Hess allegedly "failed to deliver discovery within the timeline stated within MCR 2.107(c);" Hess committed "prosecutorial misconduct" by failing to "present a motion for dismissal in regards to no sufficient [sic] evidence," and Hess allegedly had no interest in taking Young's case to trial despite knowing Young wanted to proceed to trial. (ECF No. 2, PageID.14.)

For the following reasons, the Court **GRANTS** Young's application to proceed without prepaying fees and costs and **DISMISSES** the complaint for failure to state a claim on which relief may be granted.

## II.   Legal Standards

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether this matter states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Therefore, the Court must assess whether the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When assessing a complaint under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Nevertheless, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). Courts generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider items appearing in the record of the case without converting the motion

into one for summary judgment so long as the items are referenced in the complaint and are central to the claims. *Id.*

## III.  Analysis

The Court finds that Young is unable to pay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. However, the Court finds that Young fails to state a claim on which relief may be granted.

Young is suing Hess under 42 U.S.C. § 1983. (ECF No. 1, PageID.3.) To prevail on a § 1983 claim, Young must allege (1) he suffered a deprivation of rights secured by the Constitution and laws of the United States, and (2) that Hess caused this harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). However, defense attorneys cannot be sued under § 1983. *Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding.").

Regarding Young's claims against PDO, he has alleged no facts to support a *Monell* claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

4

694 (1978) (finding that "a local government may not be sued under §
1983 for an injury inflicted solely by its employees or agents. Instead, it
is when execution of a government's policy or custom . . . inflicts the
injury that the government as an entity is responsible under § 1983."). 
Therefore, Young has not pleaded sufficient facts to maintain his § 1983
claims against both Hess and PDO.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Young's application
to proceed without prepaying and **DISMISSES WITHOUT
PREJUDICE** this action against the defendants.

**SO ORDERED.**

<u>**s/Jonathan J.C. Grey**</u>
Jonathan J.C. Grey

Date:  February 6, 2025          United States District Judge

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 6, 2025.

<u>s/</u> **S. Osorio**
Sandra Osorio
Case Manager
